**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TANYA JACOBS,** | : | **Civil Action No. 1:12-CV-0288** |
| | : | |
| **Plaintiff,** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **YORK UNION RESCUE** | : | |
| **MISSION, INC., d/b/a YORK RESCUE** | : | |
| **MISSION,** | : | |
| | : | |
| **Defendant** | : | |

## <u>MEMORANDUM</u>

Presently before the court is defendant York Union Rescue Mission, Inc.'s ("Mission") motion to dismiss, or, in the alternative, for summary judgment. (Doc. 6). For the reasons that follow, the court will grant Mission's motion to dismiss but will also provide plaintiff Tanya Jacobs ("Jacobs") with leave to amend her complaint. The court will deny Mission's motion for summary judgment without prejudice to provide the parties with an opportunity to conduct discovery on whether Mission was subject to regulations under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq,* during Jacobs's employment.

## I.   **Background**[1]

This case arises out of incidents that occurred in late 2009 and early 2010 while Jacobs was employed at Mission.  Mission is a business entity offering humanitarian services in Central Pennsylvania.  (Doc. 17 ¶ 7).  Jacobs worked for Mission for five years as a cashier and stocker at a thrift store.  (Id. ¶ 12).

Jacobs suffers from a number of health problems, including carpal tunnel syndrome, nerve/tendon problems, and a history of migraine headaches.  (Id. ¶ 14).  Jacobs required intermittent time off for her health problems while working for Mission.  (Id. ¶ 15).  In late 2009, Jacobs took additional time off to treat injuries sustained as a result of car accidents.  (Id.)  Mission's management personnel purportedly warned Jacobs against and discouraged Jacobs from taking time off for medical reasons.  (Id. ¶ 16).  According to the pleadings, Mission allegedly terminated Jacobs on April 2, 2010, in conjunction with someone's discriminatory comments about her need for time off work for medical reasons.  (Id. ¶ 17).

On February 13, 2012, Jacobs filed a complaint (Doc. 1) alleging violations of the FMLA and violations of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. 951 *et seq.*  Mission filed the instant motion to dismiss, or in the alternative, for summary judgment on April 12, 2012.  (Doc. 6).  Mission asserts that Jacobs's

---

[1] In accordance with the standard of review for a motion to dismiss pursuant to Rule 12(b)(6), the court will present the facts as alleged in the complaint.  See *infra* Part II.  However, those portions of the complaint which consist of no more than legal conclusions or a formulaic recitation of the elements of a cause of action have been disregarded.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010).

complaint fails to state a claim under the FMLA upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and that therefore, the court lacks subject matter jurisdiction over the state PHRA claim. (Doc. 7). In the alternative, Mission contends that the court should enter summary judgment in its favor on Jacobs's FMLA claim because Mission did not employ a sufficient number of employees during Jacobs's employment to fall under the FMLA's regulations. (Id.)

Jacobs asserts that her complaint adequately states an FMLA claim. Alternatively, if the court decides to dismiss the FMLA claim, Jacobs argues that she should be given the opportunity to file an amended complaint curing any perceived deficiencies. (Doc. 12). Jacobs also requests that the court reserve ruling on Mission's motion for summary judgment and provide time for limited discovery on whether the FMLA regulations applied to Mission during Jacobs's employment. (Id.)

On August 24, 2012, the parties filed a stipulation (Doc. 15) allowing for Jacobs to amend her complaint to include a cause of action under the Americans with Disabilities Act ("ADA"). The parties also stipulated that the court would not lose subject-matter jurisdiction over the remaining claims if the court dismissed or awarded Mission summary judgment for Jacobs's FMLA claim. (Doc. 15). The court accepted the stipulation and deemed any portion of Mission's motion to dismiss (Doc. 6) based on a lack of subject-matter jurisdiction as moot. (Doc. 16).

Jacobs filed her amended complaint (Doc. 17), including all three causes of action, on August 30, 2012.

## II.    <u>Legal Standard</u>

When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine, whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief." <u>Gelman v. State Farm Mut. Auto. Ins. Co.</u>, 583 F.3d 187, 190 (3d Cir. 2009) (quoting <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008)); <u>see also</u> <u>Kanter v. Barella</u>, 489 F.3d 170, 177 (3d Cir. 2007) (quoting <u>Evancho v. Fisher</u>, 423 F.3d 347, 350 (3d Cir. 2005)). The plaintiff must plead sufficient factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). A complaint must assert sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" of the elements necessary for relief. <u>Bell Atlantic Corp v. Twombly</u>, 550 U.S. 544, 556 (2007); <u>see</u> <u>also</u> <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 234 (3d Cir. 2008). Ultimately, this analysis is "context-specific" and requires the court to "draw on its judicial experience and common sense" to determine whether facts alleged in the complaint suggest "more than the mere possibility of misconduct." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009). When the complaint fails to present a *prima facie* case of liability, courts should generally grant leave to amend before dismissing a

complaint.  <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002);

<u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000).

III.   **Discussion**

 The main purpose of the FMLA is to "balance the demands of the workplace

with the needs of families" and "to entitle employees to take reasonable leave for

medical reasons . . . ."  29 U.S.C. § 2601(b)(1) and (2).  The FMLA provides two

distinct types of protections for eligible employees.  The FMLA supplies a number

of substantive rights which set the minimum standards for employer conduct, often

referred to as "entitlement" or "interference" provisions.  <u>Callison v. City of</u>

<u>Philadelphia</u>, 430 F.3d 117, 119 (3d Cir. 2005).  Additionally, the FMLA includes

"discrimination" or "retaliation" provisions.  <u>Callison</u>, 430 F.3d at 119.  For

example, an employer may not "use the taking of FMLA leave as a negative factor

in employment actions, such as hiring, promotions or disciplinary actions."  29

C.F.R. § 825.220(c).

 Mission moves to dismiss Jacobs's complaint on the grounds that it fails to

establish an interference or a retaliation claim under the FMLA.  Alternatively,

Mission moves for summary judgment on the grounds that Jacobs is not an "eligible

employee" because Mission was not regulated under the FMLA during her

employment.  The court shall address each contention in turn.

## A.     Motion to Dismiss

Mission seeks dismissal of Jacobs's FMLA claim under Rule 12(b)(6).  With respect to Jacobs's interference claim, Mission avers that the complaint does not show that (1) Jacobs was entitled to FMLA leave due to a "serious health condition;" (2) that Jacobs notified Mission of her need for leave or requested any FMLA leave; and (3) that any interference with Jacobs's right to take leave resulted in prejudice.  Mission also moves to dismiss Jacobs's retaliation claim because the complaint does not adequately allege that she invoked her right to FMLA leave or that Jacobs's termination was causally related to her need for medical leave.

### 1.     Interference Claim

An FMLA employer may not "interfere with, restrain, or deny the exercise of or the attempt to exercise" any FMLA rights.  29 U.S.C. § 2615(a)(1).  To plead a FMLA interference claim, Jacobs must allege that (1) she is an eligible employee under the FMLA; (2) defendant is an eligible employer under the FMLA; (3) she was entitled to leave under the FMLA; (4) she provided the defendant with adequate notice of her intention to take FMLA leave; and (5) defendant denied or otherwise interfered with plaintiff's FMLA rights.  <u>Parker v. Hanhemann Univ. Hosp.</u>, 234 F. Supp. 2d 478, 483 (D. N. J. 2002).  Mission challenges the latter three elements in its motion to dismiss.

i.    *Entitlement to Leave: "Serious Health Condition"*

Mission asserts that Jacobs's complaint does not sufficiently allege that she was entitled to FMLA leave. Under the FMLA, an eligible employee is entitled to 12 workweeks of leave in any 12-month period for a "serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). A "serious health condition" includes an "illness, injury, impairment, or physical or mental condition that involves inpatient care in a hospital, hospice, or residential medical care facility; or continuing treatment by a health care provider." § 2611(11). 29 C.F.R. §§ 825.113, 825.114, and 825.115 further delineate the requirements for a medical issue to qualify as a serious health condition. The Third Circuit has held that even relatively minor conditions – such as a peptic ulcer – may qualify as "serious health conditions" if they meet regulatory criteria. <u>Victorelli v. Shadyside Hosp.</u>, 128 F.3d 184, 189-90 (3d Cir. 1997).

Jacobs's complaint alleges that she "has suffered from an array of health problems including but not limited to carpel tunnel syndrome, nerve/tendon problems, and a history of migraine headaches that can - at times - limit her life activities." (Doc. 17, ¶ 14). Jacobs also alleges that she sustained injuries in car accidents. (Id. ¶ 15). Jacobs does not provide details on the type of treatment sought for her maladies but, at this stage of the litigation, the factual allegations are sufficient to raise an inference that her conditions qualify under the Act.

ii. *Notification or Request for Leave*

Mission further contends that Jacobs's interference claim should be dismissed because it does not include allegations that Jacobs requested FMLA leave or notified Mission of any serious health condition. (Doc. 7). An employee must provide an employer 30 days advance notice before FMLA leave is to begin or "as soon as practicable" if 30 days notice is not possible. 29 U.S.C. § 2612(e)(1). When FMLA leave is foreseeable, an employee must provide notice sufficient to show that the employee needs FMLA-qualifying leave, the anticipated timing of the leave, and the duration of the leave. 29 C.F.R. § 825.302(c). When FMLA leave is unforeseeable, an employee must provide sufficient information for the employer to determine whether the FMLA applies to the leave request. § 825.303(b). When an employee seeks FMLA leave for the first time, the employee need not mention the FMLA by name. §§ 825.302(c), 825.303(b). However, the employee must "specifically reference the qualifying reason for leave or the need for FMLA leave" if the employer has previously provided the employee with FMLA-protected leave. § 825.302(c). Simply calling in "sick" will not trigger an employer's FMLA obligations. § 825.303(b). See Viereck v. City of Gloucester City, 961 F. Supp. 703, 707 (D.N.J. 1997) (allowing plaintiff-employee to survive summary judgment where she provided notice by describing the nature and extent of her injuries to her employer, informed him that she would be hospitalized, and told him that she would be unable to return to work for some time).

8

Jacobs's complaint does not include any allegations of notice to Mission. Viewing the complaint in its entirety, one may imply that there were communications between Jacobs and Mission regarding her need for medical leave, but the complaint fails to set forth any facts or allegations regarding the substance and form of Jacobs's notice to Mission. Jacobs's complaint is deficient without specific factual allegations setting forth how she provided Mission with adequate notice of her intention to take FMLA leave.

### iii. *Interference Resulting in Prejudice or Injury*

Mission also claims that Jacobs's complaint fails to state how Mission specifically interfered with any claim for FMLA leave or how she sustained injury or prejudice as a result. Mission emphasizes that there is no indication from the complaint that Mission ever refused to provide Jacobs with requested leave. (Doc. 7, at 9-10). The basis for an FMLA interference claim may involve, but is not limited to, (1) refusing to authorize FMLA leave; (2) discouraging an employee from using FMLA leave; (3) terminating an employee based on his or her requests for FMLA leave; and (4) failing to advise an employee of his or her FMLA rights. See 29 C.F.R. § 825.220(b) (refusal to authorize and discouragement); Erdman v. Nationwide Ins. Co., 582 F.3d 500, 509 (3d Cir. 2009) (termination); Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 144 (3d Cir. 2004) (failure to advise).

Jacobs alleges that she was "warned about taking time off for medical reasons and discouraged from taking time off from work for medical reasons by Defendant's management." (Doc. 17 ¶ 16). Jacobs's complaint also avers that

Mission did not properly advise her of her rights under the FMLA or designate her leave as FMLA qualifying. (Doc. 17 ¶ 24). Finally, Jacobs contends that she was terminated due to her requests for medical leave. (Doc. 17 ¶ 18). Each of these allegations may constitute a valid basis for an FMLA interference claim.[2]

No matter the basis for the interference claim, Jacobs must also establish that she was prejudiced or injured by defendant's interference. See Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, 89 (2002) (noting that the FMLA provides no relief unless the employee has been prejudiced by the employer's interference with her rights). Jacobs provides no such allegations in her complaint for any of her interference claims. For example, Jacobs could allege that she would have structured her leave differently if she was aware of her rights under the FMLA or if she was not discouraged from using her medical leave. See Nusbaum v. CB Richard Ellis, Inc., 171 F. Supp. 2d 377, 386 (D.N.J. 2001) ("The overall intent of the FMLA is lost when an employer fails to provide an employee with the opportunity to make informed decisions about her leave options and limitations."). Without allegations of prejudice or injury, Jacobs's complaint does not adequately plead an interference claim.

---

[2] As discussed *infra* in Part III.A.2, Jacobs must allege more specific facts in her complaint to support her claim that she was terminated due to her requests for medical leave. Namely, she must allege that Mission or an agent of Mission made the discriminatory comments regarding her need for medical leave prior to her termination.

2.    <u>Retaliation Claim</u>

Mission also contends that the complaint does not establish an FMLA retaliation claim. Jacobs must allege the following to establish retaliation: that (1) she invoked her right to FMLA leave; (2) she suffered an adverse employment action, such as termination; and (3) the adverse action was causally connected to her invocation of FMLA rights. <u>Lichtenstein v. Univ. of Pittsburgh Med. Ctr.</u>, 691 F.3d 294, 301-302 (3d Cir. 2012)

As discussed *supra*, Jacobs's complaint does not satisfy the first prong of an FMLA retaliation claim because she does not allege that she provided adequate notice to Mission regarding her desire for FMLA leave. There are no allegations in the complaint showing that she ever invoked her right to FMLA leave. Assuming this deficiency can be cured through amendment, the court finds that Jacobs adequately alleges the second prong because termination qualifies as an adverse employment decision. <u>Id.</u> at 302.

The complaint does not allege sufficient causation under the third prong. Jacobs alleges only that she was terminated "following discriminatory comments about her need for time off from work for medical reasons." (Doc. 17 ¶ 17). Such antagonism, on behalf of Mission, could be circumstantial evidence sufficient to raise an inference that Jacobs's medical absences caused her termination. <u>See Peace-Wickham v. Walls</u>, 409 Fed. App'x 512, 522 (3d Cir. 2010) (for a Title VII retaliation claim, "a causal link between protected activity and adverse action may be inferred from an unusually suggestive temporal proximity between the two, an

intervening pattern of antagonism following the protected conduct, or the proffered evidence examined as a whole."). However, Jacobs never alleges that the comments were made by Mission or an agent of Mission. Jacobs may be able to cure this deficiency provided, however, that she amends her complaint and includes allegations of adequate notice to Mission, and specifies Mission as the source of the alleged discriminatory comments.

### 3. Leave to Amend

Jacobs's complaint does not include any allegations of notice to Mission of her desire to take FMLA leave or any allegations of prejudice as a result of Mission's interference with her right to FMLA leave. Her complaint also does not identify that Mission or an agent of Mission made discriminatory comments to her regarding her need for medical leave before her termination. Without such allegations, Jacobs's complaint does not adequately plead an interference or retaliation claim under the FMLA. The court shall provide Jacobs 30 days to file a second amended complaint in accordance with the court's reasoning. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) ("Even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile."). Jacobs's FMLA claim will be dismissed with prejudice if she does not amend her complaint.

**B. Motion for Summary Judgment**

In the alternative, Mission requests the court to grant summary judgment in its favor on Jacobs's FMLA claim because Mission was not an "employer" under the Act during Jacobs's employment. An FMLA "eligible" employee must have worked for an "employer" for at least 12 months and for 1,250 hours during the previous 12-month period. 29 U.S.C. § 2611(2)(A). An employee is not "eligible" under the FMLA if she is employed at a worksite that employs less than 50 employees within 75 miles. § 2611(2)(B)(ii). Further, an "employer" is defined as any person or business "who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." § 2611(4)(A)(i).

In support, Mission attaches the affidavit of Tiffany Glatfelter, the Office Manager/Bookkeeper for Mission. (Doc. 6-1, Ex. A). Ms. Glatfelter has compiled a list of employees who were on the payroll for each workweek, week by week, from January 2009 through April 2, 2010. (Id.) Ms. Glatfelter asserts that Mission did not exceed 50 or more employees for 20 workweeks in 2009 and 2010, as required for an "employer" to be regulated under the FMLA for that time period. (Id.) Jacobs requests the court to reserve ruling on Mission's motion for summary judgment and provide time for her to conduct limited discovery on whether Mission was regulated under the FMLA during this time period. (Doc. 12).

13

When a motion to dismiss is submitted with evidence outside of the pleadings, the court may either exclude the evidence or treat the motion as a Rule 56 motion for summary judgment. FED. R. CIV. P. 12(d). In that case, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Id. Additionally, if the opposing party shows "by affidavit or declaration" that "it cannot present facts essential to justify its opposition," the court may defer the motion, deny it, allow time to take discovery, or issue any other appropriate order. FED. R. CIV. P. 56(d).

In the case *sub judice*, Jacobs did not file an affidavit or declaration requesting further discovery. Nevertheless, Jacobs contends in her opposition brief that she is entitled to further discovery because Mission "did not attach the actual payroll documents from which it allegedly obtained the information" contained in Ms. Glatfelter's affidavit. (Doc. 12, at 7). Jacobs asserts that she is entitled to obtain those payroll documents to confirm Mission's calculations.

Ordinarily a party requesting further discovery in light of a summary judgment motion should file an affidavit or declaration in conformance with Rule 56(d). See Miller v. Beneficial Mgmt. Corp., 977 F.2d 834 (3d Cir. 1992); Radich v. Goode, 886 F.2d 1391, 1392 (3d Cir. 1989) (quoting First Chicago International v. United Exch. Co., Ltd., 836 F.2d 1375 (D.C. Cir. 1988) ("The purpose of the affidavit is to ensure that the nonmoving party is invoking the protection of [Rule 56(d)] in good faith and to afford the trial court the showing necessary to assess the merit of a party's opposition."). However, the court shall overlook Jacobs's failure to file

such an affidavit because the motion for summary judgment is premature and the relevant facts are solely in the possession of Mission, the moving party. See Mejias v. Am. Boychoir Sch., Civ. A. No. 11-0562, 2011 WL 3235711, at *3 (D.N.J. 2011) (declining to convert the motion to dismiss to a motion for summary judgment because no discovery had been conducted by the parties); ITT Indus., Inc. v. Wastecorp. Inc., 87 Fed. App'x 287, 297 (3d Cir. 2004) (quoting Costlow v. United States, 552 F.2d 560, 564 (3d Cir. 1977)) ("[W]here the facts are in possession of the moving party a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course."). Jacobs's opposition brief delineates the specific discovery information she seeks to resolve this issue. (See Doc. 12, at 7).

Mission raises the concern that Jacobs's "blanket request to review 'payroll records' will reveal personal and sensitive information about citizens who are not litigants to this proceeding." (Doc. 13, at 2). The court is confident that the parties will be able to balance Jacobs's need for discovery with the privacy of Mission's employees by agreeing to redact non-pertinent information contained in the payroll records and paystubs. Mission is also free to file a motion for a protective order if such efforts fail. The court will deny Mission's motion for summary judgment without prejudice, so that Mission may re-file it when Jacobs has completed discovery on the total number of Mission's employees during Jacobs's employment.

## IV.  Conclusion

For the foregoing reasons, the court will grant Mission's motion (Doc. 6) to

dismiss without prejudice and will provide Jacobs with leave to amend her

complaint.  The court will also deny Mission's motion (Doc. 6) for summary

judgment without prejudice.  An appropriate order follows.


  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:        February 5, 2013

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TANYA JACOBS,** | : | **Civil Action No. 1:12-CV-0288** |
| | : | |
| **Plaintiff,** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **YORK UNION RESCUE** | : | |
| **MISSION, INC., d/b/a YORK RESCUE** | : | |
| **MISSION,** | : | |
| | : | |
| **Defendant,** | : | |
| | : | |

## <u>ORDER</u>

AND NOW, this 5th day of February, 2013, upon consideration of defendant

York Union Rescue Mission, Inc.'s motion (Doc. 6) to dismiss or, in the alternative,

for summary judgment, and for the reasons set forth in the accompanying

memorandum, it is hereby ORDERED that Defendant's motion (Doc. 6) to dismiss,

or, in the alternative, for summary judgment is GRANTED in part and DENIED in

part as follows:

    1.    Defendant's motion to dismiss is GRANTED without prejudice.
            Plaintiff has leave to amend her complaint within thirty (30) days from
            the date of this order. Plaintiff's Family and Medical Leave Act
            ("FMLA") claim will be dismissed with prejudice if plaintiff does not
            amend her complaint in thirty (30) days to correct the deficiencies set
            forth in the court's Memorandum.

2.     Defendant's motion for summary judgment is DENIED without prejudice to defendant re-filing a motion for summary judgment following limited discovery on whether the defendant was an employer regulated under the FMLA during plaintiff's employment.


      S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge